UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Katie M. Bates,
      Plaintiff

      v.                                    Case No. 11-cv-547-SM
                                            Opinion No. 2013 DNH 030
Private Jet Commercial Group, Inc.,
Private Jet Management Group, Inc.,
Private Jet Services Group, Inc.,
and Gregory Raiff,
      Defendants

**O R D E R**

Re:  (Document No. 46), Motion to Dismiss

**Ruling:**  The motion to dismiss is granted.  Counts I and II are dismissed as to Defendant Raiff.  Count V, which is brought only against the corporate defendants, is dismissed in its entirety.

Count I (Title VII): Plaintiff seeks to hold Raiff individually liable for gender discrimination under Title VII.  In this circuit, however, "there is no individual employee liability" under that statute.  Fantini v. Salem State College, 557 F.3d 22, 30 (1st Cir. 2009).  Plaintiff argues that Fantini does not shield Raiff from liability, because she is seeking to hold him accountable as her "employer," under the alter ego doctrine, and not as an "employee."  See Pl. Br., doc. no. 51.

The practical effect of piercing the corporate veil under the alter ego doctrine to impose individual liability upon Raiff as an "employer" would seem to run counter to the holding in

Fantini.  Those courts of appeals that have addressed the issue have reached similar conclusions.  See Worth v. Tyler, 276 F.3d 249, 262 (7th Cir. 2001) (rejecting alter ego doctrine as contrary to "Congress' aversion to individual liability under Title VII."); Dearth v. Collins, 441 F.3d 931, 934 (11th Cir. 2006) (same).  See also Lafferty v. Owens, Schine & Nicola, P.C., 2012 WL 162332, at *10-11 (D. Conn. Jan. 18, 2012) (rejecting alter ego doctrine); Jacobs v. R&B Sunrise, Say You Say Me, Inc., 2008 WL 4630836, at *3 (D. Idaho Oct. 17, 2008) (same).

But the court need not resolve that issue here because plaintiff has not adequately alleged grounds that might warrant piercing the corporate veil under federal common law.  See Sheppard v. River Valley Fitness One, L.P., 2002 WL 197976, at *11-12 (D.N.H. Jan. 24, 2002) (applying the "federal common law of veil piercing" in Title VII action).  Under federal common law, "'[f]raudulent intent is a sine qua non'" of the veil piercing doctrine.  Id.  Plaintiff has not alleged any fraudulent intent in Raiff's use of the corporate form, and has not linked his use of the corporate form to the alleged assault.  See id. see also NLRB v. Greater Kansas City Roofing, 2 F.3d 1047, 1053 (10th Cir. 1993) ("[T]he showing of inequity . . . must flow from the misuse of the corporate form . . . .  It is only when the shareholders disregard the separateness of the corporate identity and when that act of disregard causes the injustice or inequity or constitutes the fraud that the corporate veil may be

2

pierced.") (emphasis in original). For these reasons, Count I is dismissed as to Raiff.

Count II (RSA Ch. 354-A:7): Plaintiff makes the same veil piercing argument with regard to Count II, in which she alleges a violation of New Hampshire's employment discrimination statute. See RSA ch. 354-A:7. The New Hampshire Supreme Court has yet to decide whether liability under that statute can be assessed against individuals.

But even assuming that it can, the amended complaint, again, comes up short. Nothing is alleged that would support piercing the corporate veil. Under New Hampshire law, a court may pierce the corporate veil where "the owners have used the corporate identity to promote an injustice or fraud on the plaintiff[s]." Norwood Group, Inc. v. Phillips, 149 N.H. 722, 724 (2003). The complaint here fails to allege that Raiff used the "corporate identity" to promote an injustice against plaintiff. It is not enough, as plaintiff posits, that Raiff's alleged wrongdoing took place at the office while he and plaintiff were working, thus making the alleged assault "convenient as to time and place." Misuse or abuse of the "corporate identity" is not implicated in that context. Count II, therefore, is necessarily dismissed as to Raiff.

Count V (Vicarious Liability): The amended complaint seeks to hold the corporate defendants vicariously liable for Raiff's alleged state law torts of assault and battery and intentional infliction of emotional distress.  Under New Hampshire law, an employer will be vicariously liable for the intentional torts of its employee when the employee is acting within the scope of his employment.  Statchen v. Palmer, 2009 WL 2997982, at *11 (D.N.H. Sept. 15, 2009) (DiClerico, J.) (citing Porter v. City of Manchester, 155 N.H. 149, 152 (2007)).  The employee's purpose or motivation for his actions is critical to the inquiry.  See Daigle v. City of Portsmouth, 129 N.H. 561, 580-81 (1987); see also Restatement (Second) of Agency, § 228(1)(c).  The amended complaint here alleges facts that give rise only to an inference of personal motives for the alleged assault.  Count V, therefore, is dismissed for failure to state a claim.

_____
Steven J. McAuliffe
United States District Judge

Date:  March 7, 2013

cc:   Stephen C. Buckley, Esq.
      Kathleen A. Davidson, Esq.
      Clara A. Dietel, Esq.
      Steven M. Gordon, Esq.
      Jamie N. Hage, Esq.
      Benjamin T. S. Hillman, Esq.